EASTERN DIST.
*March*, 1840.

DUPUY *vs.* DASHIELL.

DUPUY
*vs.*
DASHIELL.

APPEAL FROM THE COURT OF THE FOURTH DISTRICT FOR THE PARISH OF
IBERVILLE, THE JUDGE OF THE SECOND PRESIDING.

An order of seizure and sale against the third possessor, for *a sum assumed*, but the amount of which is left doubtful, will be set aside, and the party informed that his only remedy is by an ordinary suit.

This is an executory proceeding against the third possessor of a tract of land and slaves. The plaintiff alleges, that on the 13th of August, 1828, he sold the premises to one Timoleon Lesassier, who, in 1836, sold them to the defendant, and who, by notarial act, assumed and bound himself to pay the balance due on the original sale. The plaintiff alleges, that the original purchase money is unpaid, and prays for an order of seizure and sale against the land and slaves in the possession of the third possessor.

The order was granted for the entire sum claimed on the original mortgage and the assumption of the defendant to pay, without any oath that the whole sum was due, and that it had been in vain demanded of the original debtor more than thirty days before obtaining the order.

The act of sale from Lesassier to Dashiell states, " that by an inspection of the records of mortgages, the property is subject to the following mortgages: One in favor of M. Dupuy, on the first portion of said land and nine slaves, for the amount of thirteen thousand and two hundred dollars, and interest of this debt; the vendor declares that he has paid all the interest due, and about four thousand dollars: Now, it is agreed that the sum of eleven thousand dollars capital, with interest thereon," &c. The act goes on to stipulate the manner of payment, and specify the other mortgages and incumbrances.

The defendant appealed from this order of seizure.

*Ives*, for the appellant, contended:

1. No oath was made by plaintiff on obtaining the order of seizure and sale that the debt was really due, and that he

had in vain demanded payment from his debtor thirty days previous to his bringing his suit, nor was any oath or affidavit made as required by law.

2. Judgment is erroneous in being given for too much. Defendant's vendor declares, that he, the said vendor, had paid all the interest and about four thousand dollars of plaintiff's claim, and defendant assumed to pay only the balance; the act of mortgage is prescribed against, and is null.

3. No amicable demand was made upon the original debtor; and no ten days, or other notice, were given to defendant, by plaintiff, of failure of payment on the part of the original debtor. Nor were the three days notice to pay, given to defendant.

*Hiriart* and *Burke,* contra.

*Bullard, J.,* delivered the opinion of the court.

This is an appeal from an order of seizure and sale granted at chambers, upon the presentation of authentic evidence of a mortgage on the property ordered to be seized. It appears that the property belonged originally to Dupuy, who sold to Lesassier, reserving a mortgage; and that Lesassier sold to the present defendant and appellant, who assumed to pay the plaintiff's claim.

The clause in the act of sale from Lesassier to Dashiell, upon which this proceeding is founded, is as follows: " and, whereas, it appears, &c., that the said property is subject to the following mortgages: 1st. One in favor of Marcel Dupuy, on the first portion of said land, and on nine of said slaves, for the amount of thirteen thousand and two hundred dollars, and interest of this debt. The vendor declares that he has paid all the interest *and about four thousand dollars.* Now, it is agreed that the sum of eleven thousand dollars capital," &c. Here the copy is so defective, from an omission, that we are compelled to conjecture an assumption on the part of Dashiell to pay. But it is clear and even admitted during the argument, that the order of seizure issued for too

<div class="margin-note">

EASTERN DIST.
*March,* 1840.

DUPUY
*vs.*
DASHIELL.

An order of seizure and sale against the third possessor for *a sum assumed,* but the amount of which is left doubtful, will be set aside, and the party informed that his only remedy is by an ordinary suit.

</div>

EASTERN DIST.
March, 1840.

much according to the evidence before the judge who granted it. The amount appears to have been left open by the parties for ulterior adjustment, and as the sum due and assumed to be paid, is left doubtful, the plaintiff ought to proceed by ordinary suit.

It is, therefore, ordered and adjudged, that the order of seizure heretofore granted by the district judge, be rescinded, reversed and annulled, and that the plaintiff pay the costs of both courts.